UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLORENCIO BARRAZA,

               Plaintiff,

                                           Case Number 10-11174-BC

v.                                       Honorable Thomas L. Ludington

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____ /

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE
HLUCHANIUK'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT WITH
PREJUDICE**

      Magistrate Judge Michael Hluchaniuk issued a report and recommendation ("R&R") [Dkt.

# 18] on March 3, 2011, recommending that the Court deny Plaintiff Florencio Barraza's motion for

summary judgment [Dkt. # 9], grant Defendant Commissioner of Social Security's motion for

summary judgment [Dkt. # 14], and dismiss Plaintiff's complaint [Dkt. # 1] with prejudice.

      Any party may serve and file written objections to an R&R "[w]ithin fourteen days after

being served with a copy" of the report. 28 U.S.C. § 636(b)(1). Plaintiff filed objections on March

17, 2011 [Dkt. # 16]. The district court will make a "de novo determination of those portions of the

report . . . to which objection is made." *Id.* The Court is not obligated to further review the portions

of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). For

the reasons stated below, Judge Hluchaniuk's R&R will be adopted and Plaintiff's complaint will

be dismissed with prejudice.

## I

The Commissioner of Social Security determines whether a claimant is disabled in accordance with a five-step process.  20 C.F.R. § 404.1520(a)(4)(i)–(v).  A claim is allowed when a claimant demonstrates that (1) he is not engaged in substantial gainful employment; (2) he suffers from a severe impairment; and (3) the impairment meets or is equal to a "listed impairment."  If the claimant does not satisfy the third step, the claim is still allowed if the fourth and fifth steps are satisfied.  In step four, the claimant must show that he does not retain the residual functional capacity to perform past relevant work.  20 C.F.R. § 416.920(a)(4)(i)-(iv).  At the fifth and final step, the Commissioner determines whether the claimant is able to perform any other gainful employment in light of the claimant's residual functional capacity ("RFC"), age, education, and work experience.  20 C.F.R. § 416.920(a)(4)(v).

The Court reviews the Commissioner's decision to determine whether the "factual findings . . . are supported by substantial evidence."  *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990) (citing 28 U.S.C. § 405(g)).  Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).  A district court does not resolve conflicts of evidence or issues of credibility.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

## II

Plaintiff was forty-five years old on the alleged disability onset date of November 30, 2005.

-2-

A.R. 56.  He was five feet six inches tall and weighed 200 pounds.  *Id.* at 64.  He has a sixth grade education.  He is not able to speak or communicate fluently in English.  *Id.* at 64, 68.  Plaintiff worked in the construction and landscape industries from 1978 through 2007.  *Id.* at 57.  Plaintiff asserts that he is unable to return to his former employment or engage in other substantial gainful activity because of optic neuropathy, cataracts, blepharitis, rod cone dystrophy, degenerative joint disease, chest pain, and obesity.  *Id.* at 23.

After Plaintiff's application for disability benefits was denied by the Commissioner on March 17, 2006, he filed a timely request for a hearing.  *Id.* at 44–47.  The hearing was conducted on July 15, 2008 by an administrative law judge ("ALJ") in Detroit.  *Id.* at 232.  The ALJ issued a written decision on November 5, 2008, affirming the Commissioner's denial of benefits.  *Id.* at 21–28.

At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 30, 2005.[1]  *Id.* at 23.  At the second step, the ALJ determined that Plaintiff suffered from several severe impairments, including optic neuropathy, cataract, blepharitis, rod cone dystrophy, degenerative joint disease, chest pain, and obesity.  *Id.*  At the third step, the ALJ concluded that none of the impairments or combination of impairments meets or exceeds a listed impairment.  *Id.* at 24.  Moving to steps four and five, the ALJ determined that Plaintiff lacks the RFC to perform his past relevant work as a landscaper or construction worker, but that he retains the RFC to perform medium unskilled work that does not require driving, exposure to bright lights, or moving from light areas to dark areas.  *Id.* at 24–27.  The ALJ noted Plaintiff's

---

[1] The ALJ reached this conclusion even though Plaintiff earned $9,778.12 working as a construction laborer for two-and-a-half months during the summer of 2007.  *Id.* at 239.

young age, limited education and communication skills, and that all of his past relevant work was unskilled. *Id.* Taking into consideration the relevant limitations, the ALJ determined Plaintiff could still perform medium unskilled work as long as he did not have to drive and his exposure to bright light was limited. Available positions in the national economy include assembler, packager, and dishwasher. *Id.*

Plaintiff sought review by the appeals council on January 2, 2009, but after reviewing additional documents, the appeals council denied Plaintiff's request for review on January 25, 2010. R&R at 2. As Judge Hluchaniuk noted, the decision to deny Plaintiff's request for review makes the ALJ's determination the final decision of the Commissioner for the purposes of this appeal. *Id.* (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's deicision.").

Plaintiff filed his complaint in this Court on March 24, 2010. On July 26, 2010, Plaintiff filed a motion for summary judgment, contending that the case should be remanded to the Commissioner for consideration of new material evidence which was unavailable at the time of the hearing. *See* 42 U.S.C. § 405(g) (noting that a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"). Plaintiff also contends that the ALJ's decision was not supported by substantial evidence. The Commissioner filed a cross-motion for summary judgment on October 18, 2010, contending that the decision to deny benefits was supported by substantial

evidence and a remand is unnecessary.  In his March 3, 2011 R&R, Judge Hluchaniuk agreed with the Commissioner.  Judge Hluchaniuk determined that the ALJ's decision was supported by substantial evidence based on the record before the ALJ at the time of the hearing in July 2008.  He further determined that a remand under sentence six of § 405(g) was not warranted because Plaintiff had not demonstrated good cause for failing to present the evidence to the ALJ at the hearing.

### III

Plaintiff filed two timely objections to the Judge Hluchaniuk's R&R on March 17, 2011.  Plaintiff first objects to Judge Hluchaniuk's conclusion that Plaintiff did not demonstrate "good cause" under sentence six of § 405(g).  Plaintiff also objects to Judge Hluchaniuk's conclusion that the ALJ's decision was supported by substantial evidence.

### A

Plaintiff contends that there is good cause for remand to the Commissioner because the "new" evidence he wants the Commissioner to consider was not available at the time of the hearing in July 2008.  The evidence was not available at that time because Plaintiff's condition rapidly deteriorated after the hearing.  The objection will be overruled.

Plaintiff's principal complaint in his application for disability benefits was the deterioration of his eyesight following a 1999 injury.  At the time of the ALJ hearing in July 2008, the most recent medical report available, from April 9, 2007, demonstrated that Plaintiff had "low vision (less than 20/60)."  A.R. 208.  The ALJ recognized that Plaintiff's vision problems would limit his ability to work in bright lights and move from light to dark working conditions.  The ALJ also recognized that Plaintiff could not drive.  Nevertheless, the ALJ determined Plaintiff's visual impairment was not so severe that it would prevent Plaintiff from performing medium unskilled work.  The ALJ relied

on the vocational expert's testimony and determined that Plaintiff retained the RFC to perform a significant number of jobs in the national economy at the time of the hearing in July 2008.

Six weeks after the ALJ issued the adverse decision, in November 2008, Plaintiff underwent additional testing on December 16, 2008, which demonstrated that his vision had further deteriorated. He vision was determined to be 20/200 in one eye and 20/100 in the other eye on December 16, 2008. A.R. 218. His vision was determined to be 20/200 in both eyes on March 9, 2009. A.R. 217. Near that time, Plaintiff also reapplied for disability benefits and was successful. Based on the second application, the Commissioner determined Plaintiff was disabled as of March 1, 2009.

Plaintiff contends that the post-hearing evidence demonstrates a rapid deterioration of his eyesight, and therefore, it is "new" and "material." He further contends that there is "good cause" for not producing it at the hearing because it was not available at the time of the hearing. The argument is unavailing. The key, as Judge Hluchaniuk recognized, is that the new evidence is "material" to Plaintiff's condition as of March 2009, but it does not provide any insight into his condition as of July 2008, or the suggested onset date in 2005. Plaintiff must have been disabled through the period of disability to qualify for benefits. If his eyesight did not deteriorate until six months after the hearing, and more than three years after the onset date, the information is not material to his condition as of the hearing date. As the Sixth Circuit has explained:

> Evidence which reflected the applicant's aggravated or deteriorated condition is not relevant because such evidence does not demonstrate the point in time that the disability itself began. Reviewing courts have declined to remand disability claims for reevaluation in light of medical evidence of a deteriorated condition.

*Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (citing *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *Ward v. Schweiker*, 686 F.2d 762, 764–65 (9th

Cir. 1982)).

Moreover, that fact that the evidence was not available as of the hearing date does not, on its own, demonstrate good cause. The unavailability of material evidence may, in some circumstances, demonstrate good cause. *See Wilson v. Sec'y of Health & Human Servs.*, 733 F.2d 1181, 1182–83 (6th Cir. 1084). But not where, as here, the evidence is unavailable at the time of the hearing because it is not reflective of the applicant's condition at the time of the hearing. *See Sizemore*, 865 F.2d at 712. There was no error in Judge Hluchaniuk's analysis with respect to the propriety of a sentence six remand. 42 U.S.C. § 405(g).[2]

**B**

Plaintiff also objects to Judge Hluchaniuk's conclusion that the ALJ's decision was supported by substantial evidence. The objection will be overruled.

The ALJ properly considered Plaintiff's functional limitations regarding his eyesight and ability to drive, and determined that Plaintiff did not have significant functional limitations as a result of his obesity, degenerative joint condition, and chest pains. As a result, the ALJ determined Plaintiff could perform medium unskilled work that did not involve driving or require exposure to light conditions that would aggravate Plaintiff's vision problems. The vocational expert testified that there are a significant number of such jobs in the national economy.

Plaintiff's objection focuses on limitations caused by "blurry vision," chest pains, and degenerative joint disease. He argues that the ALJ's decision that Plaintiff retained the RFC to perform medium work was not supported by substantial evidence. But, as Judge Hluchaniuk

---

[2] New evidence regarding the deterioration of Plaintiff's degenerative joint condition and chest pains is equally unavailing.

emphasizes in his R&R, there is no documented medical evidence that Plaintiff experienced functional limitations as a result of the chest pains, obesity, or degenerative joint disease. R&R at 20. Indeed, Plaintiff did not testify that he experienced limitations as a result of those conditions. He testified his vision was blurry, but only in bright light. A.R. 241. He further testified that he worked as a construction laborer for two-and-a-half months during the alleged period of disability. A.R. 240–41. He left that job not because of functional limitations, but because he was told "that there wasn't anymore job for me." *Id.*

In short, as Judge Hluchaniuk recognized, substantial evidence supports the ALJ's determination that Plaintiff was not disabled at the time of the hearing.

**IV**

Accordingly, it is **ORDERED** that Plaintiff's objection to Judge Hluchaniuk's report and recommendation [Dkt. # 16] is **OVERRULED**.

It is further **ORDERED** that the Judge Hluchaniuk's report and recommendation [Dkt. # 15] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment [Dkt. # 9] is **DENIED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 14] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED** and Plaintiff's complaint [Dkt. # 1] is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 31, 2011

-8-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS